# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Hangzhou Golden Sun Autoparts Co. LTD d/b/a Kinfor Group,<br><br>        Movant,<br><br>  v.<br><br>Undercover, Inc. et al.,<br><br>        Respondents. | Case No. 2:25-cv-02410-JAD-BNW<br><br>**ORDER** |

Before this Court is non-party Kinfor's motion to quash. ECF No. 1. Respondents opposed at ECF No. 9, and Kinfor replied at ECF No. 12. Kinfor moved to seal its motion and reply (ECF Nos. 2 and 13), and Respondents moved to seal their response (ECF No. 10). The three motions to seal are not opposed. For the reasons discussed below, this Court grants the motion to quash and the motions to seal.

## I.   BACKGROUND

### A.  Facts and Procedural History

This is a contested proceeding arising from underlying litigation in a Western District of Tennessee case. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Kinfor is a Chinese corporation that is headquartered in Hangzhou, Zhejiang Province, China. It is not registered to do business in the United States, nor does it have a place of business in this country.

Respondents served Kinfor with a copy of the subpoena at the AAPEX tradeshow in Las Vegas on November 4, 2025. The subpoena identified the place of compliance as Dickinson Wright, PLLC's Reno office. ECF No. 1, Ex. A at 1. It sought requests for production of documents regarding the accused product and related communications. *Id.* at 6–9. Kinfor served its objections 14 days later. It met and conferred with Respondents on November 21, 2025, and

they agreed to extend "the compliance date" to December 1, 2025. *See* ECF No. 9 at 3. Kinfor filed its motion to quash on that date. ECF No. 1. This Court heard oral argument on January 5, 2026.

### B. Parties' Arguments

In its motion to quash, Kinfor argues that the subpoena is improper under Federal Rule of Civil Procedure 45 because it requires compliance beyond the 100-mile geographical limit, it subjects Kinfor to an undue burden, and it requires the disclosure of privileged and other protected matters.[1] ECF No. 1 at 7–11. Respondents argue that Kinfor's motion is not timely because Rule 45 states that objections must be served "before the earlier of the time specific for compliance or 14 days after the subpoena is served." *Id.* at 8; Fed. R. Civ. P. 45(d)(2)(B). Respondents further argue that the 100-mile geographical limit does not apply because they did not subpoena Kinfor to appear in person to produce the documents. *Id.* at 5. In support of this argument, Respondents argue that many courts have interpreted Rule 45's 100-mile boundary as not applying where the subpoena does not require the person to appear at the production location along with the requested documents. *Id.* Alternatively, Respondents argue that if the 100-mile boundary does apply, the subpoena can be modified to Las Vegas, Nevada, because Kinfor "regularly transacts business" here given its annual attendance at the AAPEX tradeshow. *Id.* at 9–10. Lastly, they contend there is no undue burden, and the subpoena does not seek privileged or protected information. ECF No. 9 at 8–14.

Kinfor replies that its motion was timely, and that Respondents' argument on this point misapplies Rule 45 because the provision they cite to applies only to objections, not motions to quash. ECF No. 12 at 2–3. Kinfor notes that a different provision governs motions to quash,

---

[1] Kinfor also argues, in passing, that the subpoena did not comply with the Hague Convention requirements. ECF No. 1 at 4–5. It is unclear whether Kinfor is arguing only that service of the subpoena violated the Hague Service Convention, which governs service of process abroad, or also that the subpoena violates the Hague Evidence Convention, which governs getting evidence from another country. More importantly, however, Kinfor fails to explain *how* the subpoena (or service of it) violates one or both of the Hague Convention requirements. Because this argument is undeveloped, this Court declines to consider it.

which Rule 45 states must merely be "timely." *Id.* at 2; Fed. R. Civ. P. 45(d)(3)(A). Kinfor argues that it timely filed its motion to quash given the parties' agreement that the date of compliance would be December 1, 2025. *Id.* at 4–5. Regarding the 100-mile limit, Kinfor argues the plain text of Rule 45 requires that document subpoenas comply with the geographical boundary. *Id.* at 7. It explains that Respondents relied on out-of-district cases for their interpretation of Rule 45 and argues that at least one court in this district has quashed a document subpoena for failing to comply with the 100-mile requirement. *Id.* (citing *Youtoo Techs., LLC v. Twitter, Inc.*, No. 3:17-cv-00414-LRH-WGC, 2017 WL 4079403, at *2 (D. Nev. Sept. 14, 2017)). Finally, Kinfor reiterates that the subpoena is unduly burdensome and, if enforced, this Court should exempt any privileged and protected material from being produced. *Id.* at 9–12.

## II.    DISCUSSION

### A.  Legal Standard

Federal Rule of Civil Procedure 45(d)(2)(B) is titled "*Objections*" and states as follows: "The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Section (d)(3) of the rule is titled "*Quashing or Modifying a Subpoena*" and requires motions to quash be "timely" filed. *See also Dryden v. Nevada*, No. 2:16-cv-01227-JAD-EJY, 2021 WL 9217680, at *1 (D. Nev. Dec. 28, 2021). The word 'timely' is not defined in Rule 45 or in the advisory committee's notes. *Id.* However, courts generally interpret "timely" to mean within the time specified for compliance within the subpoena. *See id.* (citing *Santiago v. State of Hawaii*, Case No. 16-00583 DKW-KSC, 2017 WL 11448442, at *1 (D. Haw. Aug. 25, 2017)); *see also In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 875 n.2 (N.D. Cal. 2022) ("[T]he motion to quash is timely so long as it is filed within a reasonable time after the conclusion of informal efforts to resolve the objections.").

Rule 45 provides that a subpoena may command "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person . . . ." Fed. R. Civ. P. 45(c)(2)(A). It also states that "[a] person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of

production or inspection unless also commanded to appear for a deposition, hearing, or trial." Fed. R. Civ. P. 45(d)(2)(A). Finally, the rule provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

Some courts have interpreted Rule 45(c)'s 100-mile geographical limit as not applying to document-only subpoenas. These courts find the 100-mile boundary to be incongruous with the statement in Rule 45(d)(2)(A) that persons commanded to produce documents need not appear in person. *See, e.g.*, *Cartessa Aesthetics LLC v. Aesthetics Biomedical Inc.*, No. CV-19-05827-PHX-DWL, 2020 WL 5846603 (D. Ariz. Oct. 1, 2020). To harmonize the provisions, these courts interpret "'Rule 45(c)(2)(A)'s 100-mile boundary as not applying where, as here, the subpoenaed person is not instructed to also appear at the production location along with the requested documents.'" *Id.* at *1 (quoting *CresCom Bank v. Terry*, 269 F. Supp. 3d 708, 713 (D.S.C. 2017)). In support of this interpretation, some courts cite Rule 1 and the 2013 advisory committee notes. *Elsom v. Glob. Life & Accident Ins. Co.*, No. 6:17-CV-00407-JR, 2018 WL 4092020, at *2 (D. Or. Jan. 16, 2018).

Other courts conclude that the plain reading of Rule 45 requires courts to quash or modify document-only subpoenas when they do not comply with the 100-mile limit. They disagree that Rule 45(c)(2)(A) is incongruous with 45(d)(2)(A). As one court explained:

> Rule 45(c)(2)(A) addresses the "Place of Compliance" for the production of documents and electronically stored information. Fed. R. Civ. P. 45(c) (emphasis added). On the other hand, Rule 45(d)(2) concerns when the personal appearance of one commanded to produce documents, electronically stored information, or tangible things is not required. Section (d)(2) does not address the location of the documents to be produced. In fact, the only crossover between Rule 45(c) and (d) is found under Rule 45(d)(3)(A)(ii), which addresses a motion to quash a subpoena. Specifically, a subpoena must be quashed when it requires a person to comply beyond the geographical limits specified in Rule 45(c). The only geographical limits regarding production of documents are under Rule 45(c)(2).

*In re Portfolio Recovery Assocs., LLC Tel. Consumer Prot. ACT Litig.*, No. 11MD2295 JAH (BGS), 2021 WL 5920086, at *3 (S.D. Cal. Dec. 15, 2021) (citing *Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 630 (C.D. Cal. 2018)).

Although courts in this district have not addressed this precise issue,[2] the court's opinion in *Youtoo Techs., LLC v. Twitter, Inc.* comes closest.[3] No. 3:17-cv-00414-LRH-WGC, 2017 WL 4079403, at *1 (D. Nev. Sept. 14, 2017). In that case, the court considered, among other issues, whether a subpoena failed to comply with the 100-mile limit. *Id.* Although the court found that the non-party waived its argument, it noted that the subpoena called for the production of documents in San Francisco when the subpoenaed non-party was a Nevada LLC with its principal place of business in Montana. *Id.* at *2. It cited the advisory committee's notes to the 2013 amendments, which states:

> For other discovery, Rule 45(c)(2) directs that inspection of premises occur at those premises, and that production of documents, tangible things, and electronically stored information may be commanded to occur at a place within 100 miles of where the person subject to the subpoena resides, is employed, or regularly conducts business in person. Under the current rule, parties often agree that production, particularly of electronically stored information, be transmitted be electronic means. Such arrangements facilitate discovery, and nothing in these amendments limits the ability of parties to make such arrangements.

*Id.*

"There is no Ninth Circuit decision on point, but the court interprets the Advisory Committee comment to mean that a subpoenaed third party can waive a 100-mile objection by agreeing to transmit production by electronic means, as [the non-party] did here." *Id.* The court

---

[2] While the undersigned has not addressed this precise issue, it has noted in another case that "when—as here—a subpoena calls for the production of documents, the place of compliance must be 'within 100 miles of where the [subpoenaed] person resides, is employed, or regularly transacts business in person.'" *Kelly v. Hickman*, No. 2:17-cv-02409-APG-BNW, 2021 WL 3361701, at *1 (D. Nev. Mar. 31, 2021) (quoting Fed. R. Civ. P. 45(c)(2)(A)).

[3] At the hearing, Respondents cited a footnote in *LT Int'l Ltd. v. Shuffle Master, Inc.*, a district of Nevada case, for the proposition that a court in this district has found that the 100-mile geographical limit does not apply to document-only subpoenas. No. 2:12-CV-1216-JAD-GWF, 2014 WL 3734270 (D. Nev. July 29, 2014). This Court does not read the cited footnote that way. The footnote appears to be paraphrasing Rule 45(c)(2)(A). "Additionally a person may be compelled to produce documents in connection with a subpoena if the request does not require the person producing the records to travel more than 100 miles from where the person is employed, regularly transacts business in person; or at the person's business premises themselves." *Id.* at *2 (citing Fed. R. Civ. P. 45(c)(2)(A)).

went on to state that it could be required to quash a subpoena that exceeds the 100-mile geographical limit, had the non-party filed such a motion.

Finally, the Ninth Circuit issued an opinion in 2023 emphasizing a strict reading of the 100-mile geographical limit in Rule 45(c). *In re Kirkland*, 75 F.4th 1030 (9th Cir. 2023). In *Kirkland*, the Ninth Considered the narrow issue of whether Rule 45(c)'s 100-mile limitation applied when a witness was permitted to testify remotely. *Id.* at 1042. For context, the lower court compelled the Kirklands, who resided in the Virgin Islands, to testify at a trial in California via videoconference. *Id.* at 1037–38. The lower court reasoned that compelling a witness to testify remotely did not compel them to attend a trial located more than 100 miles from the witness's residence. *Id.* In finding that this was error, the Ninth Circuit explained that "neither the text of the rules nor the advisory committee's notes establish that the 100-mile limitation is inapplicable to remote testimony or that the 'place of compliance' under Rule 45 changes the location of the trial or other proceeding to where the witness is located when a witness is allowed to testify remotely." *Id.* at 1044. The Ninth Circuit further addressed the argument that the place of trial, like other proceedings, is changing with modern technology. *Id.* at 1045. "[W]e 'generally seek to discern and apply the ordinary meaning of a text at the time of its adoption,' and there is no indication that Rule 45's reference to attending 'a trial' was intended to refer to anything other than the location of the court conducting the trial." *Id.* (internal citations omitted).

At least one court in the Ninth Circuit has found *In re Kirkland* instructive on the importance of the geographical limitation in the context of document subpoenas. *In re Path Network, Inc.*, 703 F. Supp. 3d 1046 (N.D. Cal. 2023). "The Applicants' proposed subpoena to Discord here is analogously improper for requiring production more than 100 miles from Discord's headquarters." *Id.* at 1065. It appears that more recent cases in the Ninth Circuit tend to follow the approach that document-only subpoenas must still comply with Rule 45(c)'s 100-mile geographical limit. *See, e.g.*, *GreenLake Real Est. Fund LLC v. Waid*, No. 2:24-MC-00040-WLH (SKX), 2024 WL 3009015, at *2 (C.D. Cal. Apr. 11, 2024).

//

//

**B.  Kinfor timely brought its motion to quash.**

Rule 45 merely requires a motion to quash to be timely. Fed. R. Civ. P. 45(d)(3)(A). Courts in this district have found timely to mean within the time specified for compliance within the subpoena. *Dryden v. Nevada*, No. 2:16-cv-01227-JAD-EJY, 2021 WL 9217680, at *1 (D. Nev. Dec. 28, 2021). Here, the parties agreed to extend "the compliance date" to December 1, 2025. *See* ECF No. 9 at 3. Because Kinfor filed its motion to quash on that date, its motion is timely. Moreover, Respondents' argument regarding timeliness rests on Rule 45(d)(2)(B), which applies to objections—not motions to quash.

**C.  Rule 45's 100-mile geographical limit applies to the subpoena.**

The issue of whether Rule 45's 100-mile geographical limit applies to document-only subpoenas is a difficult one. The question is disputed by courts across the country, including by courts in the Ninth Circuit, and no court in this district has directly addressed the issue. Having considered the reasoning on both sides, this Court finds that the 100-mile geographical limit does apply to document-only subpoenas given the plain text of Rule 45, the advisory committee's notes, and the Ninth Circuit's decision in *In re Kirkland*.

Rule 45 provides that courts *must* quash or modify subpoenas that require a person to comply beyond the geographical limits specified in Rule 45(c). Fed. R. Civ. P. 45(d)(3)(A)(ii). Rule 45(c) states that a subpoena may command production of documents at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. (c)(2)(A). Thus, the plaint text of the rule requires courts to modify or quash subpoenas that do not comply with the 100-mile geographical limit. The rule does not provide that document-only subpoenas are excluded from this limit. Likewise, the text of Rule 45(d)(2)(A); which states a person commanded to produce documents need not appear in person unless they are also commanded to appear for a deposition, hearing, or trial; fails to address the geographical limit or place of compliance of subpoenas, nor does it address when modifying or quashing subpoenas is appropriate.

The advisory committee's notes do not alter the plain reading of Rule 45. The advisory committee affirms that "Rule 45(c)(2) directs that . . . production of documents, tangible things,

and electronically stored information may be commanded to occur at a place within [the] 100-mile [limit] . . . ." Fed. R. Civ. P. 45 advisory committee's note to 2013 amendments. It then acknowledges that "parties often agree that production, particularly of electronically stored information, be transmitted be electronic means" before concluding that "nothing in these amendments limits the ability of the parties" to agree to produce documents electronically. *Id.* Rather than waiving the 100-mile requirement for document-only subpoenas entirely, the advisory committee notes seem to suggest that the parties may *agree* to waive the 100-mile limit by arranging to produce the documents electronically. *See id.* This is the same conclusion reached by another court in this district. *Youtoo Techs., LLC v. Twitter, Inc.* No. 3:17-cv-00414-LRH-WGC, 2017 WL 4079403, at *1 (D. Nev. Sept. 14, 2017).

Although the Ninth Circuit's holding in *In re Kirkland* is narrow, its reasoning is nonetheless persuasive, especially given the lack of other guidance on the topic. For example, the Ninth Circuit found that the 100-mile limitation still applies to testimony, even if it takes place remotely. It could follow that the 100-mile limitation still applies to document production, even if it takes place remotely (electronically). The Ninth Circuit also stated that even though proceedings are changing with modern technology, it seeks to "discern and apply the ordinary meaning of a text at the time of its adoption." As discussed above, the ordinary meaning of Rule 45 continues to require document-only subpoenas to comply with the 100-mile limit.

In sum, while this Court finds Rule 45's geographical requirement as to document-only subpoenas to be outdated given the prevalence of producing discovery electronically, it also finds the text of Rule 45 clear. The advisory committee's notes and the Ninth Circuit's decision *In re Kirkland* do not alter the rule's plain meaning but appear to support it. Accordingly, this Court finds that Rule 45 requires document-only subpoenas to comply with the 100-mile geographical limit.

### D. The subpoena will not be modified because Kinfor does not regularly transact business in Reno or Las Vegas.

The subpoena lists the place of compliance as Reno, Nevada, which is more than 100 miles from China, where Kinfor has its headquarters. *See* Fed. R. Civ. P. 45(c)(2)(A). Respondents argue that this Court should modify the subpoena's place of compliance to Las

Vegas, Nevada, because this location would satisfy Rule 45 as Kinfor "regularly transacts business in person" in Las Vegas given its annual attendance at the AAPEX Tradeshow. However, none of the cases Respondents cite support their argument.

For example, Respondents cite *Halliburton Energy Services, Inc. v. M-I, LLC*, because in that case, the United States District Court for the Southern District of Texas found that a foreign national's regularly scheduled business trips to Houston four times a year, for approximately ten days each time, "clearly place[d] him in the category of regularly transacting business in person in this city." No. H06MC00053, 2006 WL 2663948, at *2 (S.D. Tex. Sept. 15, 2006); ECF No. 9 at 9. Here, Kinfor attends the AAPEX tradeshow in Las Vegas, which lasts three days, once a year. Even assuming Kinfor stays in Las Vegas for a few extra days, spending 6 days in Las Vegas each year is much different than the foreign national in *Halliburton* who spent 40 days in Houston each year.

Respondents also cite *Sullivan v. PJ United, Inc.*, No. 7:13-CV-01275-LSC, 2017 WL 11675693 (N.D. Ala. Dec. 15, 2017). ECF No. 9 at 9. In that case, the United States District Court for the Northern District of Alabama considered whether Papa John's International regularly transacted business in Birmingham by sending its representatives to visit each of the 46 franchises located within 100 miles of Birmingham approximately 4 times a year with visits lasting 1 to 2 hours. *Id.* at *4. The court calculated that, based on the minimum 1-hour visits, the representatives still spent 23 days (8 hours each day) transacting business. In finding that these visits were regular, the court collected cases showing that less frequent visits do not constitute the regular transaction of business. *Id.* at *5 (collecting cases); *see also* ECF No. 12 at 8.

In sum, none of the cases Respondents cite support finding that a foreign corporation that attends one tradeshow for three days in a city regularly transacts business there. Because Kinfor does not regularly transact business in Reno or Las Vegas, Nevada, modifying the place of compliance to Las Vegas will not save the subpoena. The only option left is to quash the subpoena under Rule 45(d)(3)(a)(ii) for failure to comply with the 100-mile geographical limit.

//

//

### III.    MOTIONS TO SEAL

Kinfor and Respondents moved to seal the motion to quash, response, and reply. ECF Nos. 2, 10, 13. Courts may seal nondispositive motions and attached materials for good cause. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). The parties argue that the documents and attached exhibits satisfy the compelling reasons standard (and thus the good cause standard) because they contain confidential, sensitive business information, and that disclosing such information would cause competitive harm. ECF No. 2 at 4, ECF No. 10 at 4–5, ECF No. 13 at 4–5. Here, Kinfor and Respondents have shown good cause to seal the documents because they contain sensitive commercial information that would harm a litigant's business standing if it were to remain on the public docket. *See Selling Source, LLC v. Red River Ventures*, 2011 WL 1630338 * 6 (D. Nev. Apr. 29, 2011) ("Where the material includes information about proprietary business operations, a company's business model or agreements with clients, there are compelling reasons to seal the material because possible infringement of trade secrets outweighs the general public interest in understanding the judicial process."); *see also Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978) ("business information that might harm a litigant's competitive standing" is a compelling reason to seal); *Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (harm to party's competitive standing is a "compelling reason" sufficient to seal business information). Accordingly, their motions to seal are granted.

### IV.    CONCLUSION

**IT IS ORDERED** that Kinfor's motion to quash (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the motions to seal (ECF Nos. 2, 10, 13) are **GRANTED**. The Clerk's Office is directed to maintain ECF Nos. 1, 9, and 12 under seal.

DATED: March 24, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE